UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tanger Anita Harris, | ) C/A No. 8:09-1341-HMH-WMC |
| Plaintiff, | ) |
| vs. | ) |
| Progressive Northern Insurance; Burns and Burns Insurance; Trish Clark; Allison Thomas; Mary Kay Radcliffe, | ) **Report and Recommendation** |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is a resident of Greenwood, South Carolina. The plaintiff has brought suit against two insurance companies and three individuals for damages alleged sustained by the plaintiff when her SR-22 insurance was cancelled without notification to the plaintiff. The plaintiff seeks $750,000 in damages because the plaintiff was wrongfully arrested on December 2, 2004, for driving without insurance.

The plaintiff has omitted the "party information" pages from the *pro se* forms. The proposed summons submitted by the plaintiff (Entry No. 5) indicates that Burns and Burns Insurance does business at 109 Bailey Circle in Greenwood, South Carolina. Also, a search on the LEXIS® service of records in the South Carolina Secretary of State Office reveals that Burns and Burns Insurance is a South Carolina corporation, which was incorporated on July 1, 1961. Burns and Burns is a corporation in "good standing."

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General*

3

*Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

It is readily apparent that the defendants have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential

4

>preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted).

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[3]

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). *See also Auster Oil & Gas Co.,*

---

[3]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

5

*Inc. v. Stream*, 764 F.2d 381, 388 (5th Cir. 1985); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *Kreschollek v. Southern Stevedoring Co.*, 223 F.3d 202 (3rd Cir. 2000) (applying holding in *Sullivan* to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action). The cancellation of the plaintiff's SR-22 policy in 2004 did not involve state action.

Breach of Contract, breach of contract accompanied by fraudulent act, negligence, and bad faith refusal to pay insurance benefits are causes of action under South Carolina law. *See Johnson v. Key Equipment Finance*, 367 S.C. 665, 627 S.E.2d 740 (2006); *McCarter v. Willis*, 299 S.C. 198, 383 S.E.2d 252, 253-54 (S.C.Ct.App. 1989); *Player v. Chandler*, 299 S.C. 101, 382 S.E.2d 891, 893 (1989); *Nichols v. State Farm Mutual Automobile Insurance Co.*, 279 S.C. 336, 306 S.E.2d 616 (1983) (recognizing cause of action for bad faith refusal to pay first party benefits due under an insurance contract); *Edens v. Laurel Hill, Inc.*, 271 S.C. 360, 247 S.E.2d 434, 435-36 (1978); *Hughes v. Edwards*, 265 S.C. 529, 220 S.E.2d 231, 234 (1975); and *Stein v. Xepapas*, 204 S.C. 239, 246, 29 S.E.2d 257, 259 (1944). The tort of "outrage"[4] is actionable under South Carolina law. *See Frazier v. Badger*, 361 S.C. 94, 104, 603 S.E.2d 587, 592 (2004); and *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981) (recognizing cause of action, citing "with approval" four elements for cause of action adopted by the Supreme Court of Maine,

---

[4]The tort of "outrage" is the term, under South Carolina law, for the intentional infliction of emotional distress. *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981).

6

and "adopt[ing] the rule of liability stated in § 46 of the Restatement (Second) of Torts relating to intentional infliction of emotional distress").

A state law cause of action would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, 10 F.3d 806 [Table], 1993 U.S.App. LEXIS 30080, 1993 WL 478836 (4th Cir., Nov. 22, 1993). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).

As earlier stated, Burns and Burns Insurance (whose official name is Burns and Burns, Inc.) is a South Carolina Corporation. The diversity statute[5] provides that a corporation is a citizen of the state of its incorporation and of the state in which it has its principal place of business:

---

[5] New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted. Those provisions are not applicable in the case *sub judice*.

7

> (c) For the purposes of this section and section 1441 of this title—
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and
>
> (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

28 U.S.C. § 1332(c). Burns and Burns Insurance is a citizen of South Carolina because it is incorporated in South Carolina and does business in South Carolina. 28 U.S.C. § 1332(c).

Complete diversity of parties is absent in this case because the plaintiff and at least one of the defendants (Burns and Burns Insurance) are citizens of South Carolina. *See* 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).[6] Hence, this federal court lacks subject matter jurisdiction over the above-captioned case. *See* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss

---

[6] Although the plaintiff did not provide party information for the three individual defendants, the unsigned Plaintiff's Answers to Rule 26.01 Interrogatories (Entry No. 3) suggest that the three defendants reside in the Greenwood Division. *See* Plaintiff's answer to Question C (Entry No. 3).

the action." In light of this recommended disposition, it will not be necessary for the court to determine whether this case is timely filed.

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

                                                      s/William M. Catoe
                                                     United States Magistrate Judge

May 29, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).